41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Homer L. CUMMINS, Plaintiff-Appellant,
v.
LOBDELL EMERY MANUFACTURING COMPANY, Defendant-Appellee.
 No. 94-1855.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 7, 1994.
Rehearing and Suggestion for Rehearing In Banc
Denied Jan. 3, 1995.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from the entry of summary judgment in favor of defendant, his employer, in this age discrimination case.
 
 Background
 
 2
 As a result of defendant's reduction in the workforce, plaintiff, a 52-year-old production supervisor, was laid-off. He had been working for defendant for 17 years. Other supervisory employees who were younger did not lose their jobs in the reduction in force (RIF). In addition, a year later, defendant did not recall plaintiff; instead, it advertised for a supervisor in a newspaper.
 
 
 3
 Defendant submitted evidence that the criteria for deciding which employees to retain included "abilities, experience, training, potential, and years of service," with emphasis on the employee's versatility, i.e., those who could perform the widest range of duties. Defendant later recalled two of four supervisors, Jeffrey Stapleton (31 years old) and Terry White (56 years old) because they were considered the strongest performers of the four supervisors, and plaintiff was considered the weakest.
 
 Discussion
 
 4
 Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.Proc. 56(c). The Age Discrimination in Employment Act (ADEA), 29 U.S.C Secs. 621 et seq., prohibits discrimination against a protected employee on the basis of age. Rennie v. Dalton, 3 F.3d 1100, 1106 (7th Cir.1993); Jennings v. Tinley Park Comm. Consolidated School District 146, 864 F.2d 1368, 1371-72 (7th Cir.1988). A plaintiff may prove age discrimination with either direct evidence, or the burden shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the latter method, plaintiff must show that (1) he engaged in statutorily protected expression; (2) she suffered an adverse action by his employer; and (3) there is a causal link between the protected expression and the adverse action. Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 321 (7th Cir.1992). On review, the court will not overturn the district court's findings concerning discrimination unless those findings are clearly erroneous. Anderson v. City of Bessemer, North Carolina, 470 U.S. 564, 573 (1985); Rennie v. Dalton, 3 F.3d at 1106. Here, the district court's findings are not implausible. See Artis v. Hitachi Zosen Clearing, Inc., 967 F.2d 1132, 1139 (7th Cir.1992).
 
 
 5
 Plaintiff contends that he must have been laid off on the basis of age, because he had an excellent work record. "I just assumed that if nothing else is there, the only thing I got going against me is my age, you know." This assumption is not enough. Defendant submitted credible evidence that plaintiff was considered the weakest or least versatile of the four supervisors. It is not up to the court to sit as a super-personnel office and re-evaluate an employer's review of an employee's work. McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368 (7th Cir.1992). "An employee's self-serving statements about his ability ... are insufficient to contradict an employer's negative assessment of that ability." Gustovich v. AT & T Communications, Inc., 972 F.2d 845, 848 (7th Cir.1992).
 
 
 6
 Plaintiff also relies on the fact that defendant retained or recalled younger employees. This is of little help to his case. Barnes v. Gencorp, Inc., 896 F.2d 1457, 1465 (6th Cir.1990). Defendant believed that other employees were more flexible or versatile than plaintiff. This is a legitimate business decision, and nothing in the record indicates the decision to be based on age. See Aungst v. Westinghouse Electric Corp., 937 F.2d 1216 (7th Cir.1991) (versatility was most significant factor in RIF decisionmaking).
 
 
 7
 In addition to the indirect, burden-shifting evidence, plaintiff maintains that he has submitted direct evidence of discrimination. See Robinson v. PPG Industries, Inc., 23 F.3d 1159 (7th cir.1994) (summary judgment was improper where plaintiff offered direct evidence of age discrimination in the form of a manager's remarks). Plaintiff points to the affidavit of James Melton (a coworker) stating that in September 1991, Production Manager Larry Higgs said "that the older supervisors would be replaced by younger supervisors if they were unable to do their jobs."[1] Even if a trier of fact believed that Higgs made the remark, it does not come close to age discrimination since the statement was qualified by the condition that the supervisors (young or old) had to be unable to do their jobs before the company would replace them. The district court was correct in finding that Higgs' statement did not create a genuine issue of material fact.
 
 
 8
 The decision of the district court granting summary judgment to defendnat is AFFIRMED.
 
 
 
 [1]
 Plaintiff also submitted an affidavit of Terry White (a coworker) stating that he and Melton had discussed Higgs' remarks